**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARY A. HEAD, on behalf of herself and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| PENTAGROUP FINANCIAL, LLC, | ) ) |
| Defendant. | ) ) |

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1.  Plaintiff Mary A. Head brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Pentagroup Financial, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2.  This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue and personal jurisdiction in this District are proper because:

    a.  Defendant's collection communications were received by plaintiff within this District;

    b.  Defendant does or transacts business within this District.

## PARTIES

4.  Plaintiff Mary A. Head is an individual who resides in the Northern District of Illinois.

5.  Defendant Pentagroup Financial, LLC is a limited liability company organized under Texas law which does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

6.  Defendant Pentagroup Financial, LLC is engaged in the business of using the

mails and telephone system to collect consumer debts originally owed to others.

   7.  Defendant Pentagroup Financial, LLC is a debt collector as defined in the FDCPA.

## FACTS

   8.  On or about March 8, 2012, defendant Pentagroup Financial, LLC sent plaintiff the letter attached as <u>Exhibit A</u> through the United States Mail.

   9.  <u>Exhibit A</u> sought to collect an alleged debt incurred for personal, family or household purposes and not for business purposes.

   10.  <u>Exhibit A</u> was the first letter plaintiff received from Pentagroup Financial, LLC concerning the alleged debt referred to therein.

   11.  On information and belief, <u>Exhibit A</u> was the first letter which defendant Pentagroup Financial, LLC sent to plaintiff concerning the debt described therein.

   12.  On information and belief, <u>Exhibit A</u> is a form letter which defendant Pentagroup Financial, LLC uses as the initial letter it sends to consumers.

## COUNT I – FDCPA

   13.  Plaintiff incorporates paragraphs 1-12.

   14.  <u>Exhibit A</u> does not accurately and clearly disclose the current creditor or owner of the debt. On information and belief, Square Two Financial Corporation is not the owner of the debt, and even if it were, disclosure of the "current client" is not a clear disclosure of the current creditor or owner of the debt.

   15.  Defendant thereby violated 15 U.S.C. §§1692g, 1692e, 1692e(2), and 1692e(10).

   16.  Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice**

**containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts.** If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

**(c) Admission of liability.** The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

**(d) Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

**(e) Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in

**connection with debt collection for purposes of this section.**

17. 15 U.S.C. § 1692e provides:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of–**

**(A) the character, amount, or legal status of any debt; . . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

## CLASS ALLEGATIONS

18. Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

19. The class consists of (a) all individuals with Illinois or Indiana addresses (b) to whom defendant Pentagroup Financial, LLC sent a letter in the form represented by Exhibit A (c) which represented that the "current client" was "Square Two Financial Corporation" and (d) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

20. Based on the use of a form letter, the class is so numerous that joinder of all members is not practicable.

21. On information and belief, there are at least 40 individuals with Illinois or Indiana addresses to whom defendant Pentagroup Financial, LLC sent a letter in the form represented by Exhibit A which represented that the "current client" was "Square Two Financial Corporation" and which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

22. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The

4

predominant common question is whether <u>Exhibit A</u> correctly and clearly identifies the current owner of the debt.

   23. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

   24. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

   25. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

   WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

     s/ Daniel A. Edelman
     Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                          s/ Daniel A. Edelman
                                          Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)